# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JEFFREY HILL, ET AL.** | * | **CIVIL ACTION NO.   19-499** |
| **VERSUS** | * | **JUDGE: BRIAN A. JACKSON** |
| | * | |
| **AUTO-OWNERS INSURANCE** | * | **MAG. JUDGE: SCOTT D. JOHNSON** |
| **COMPANY, ET AL.** | * | |
| | * | |

---

## DEFENDANTS', AUTO-OWNERS INSURANCE COMPANY, TLK TRANSPORTATION LLC, AND DANIEL TAYLOR, FIRST SET OF INTERROGATORIES TO PLAINTIFFS

---

To:     Plaintiffs, Jeffrey Hill and Derrick Stampley
**Through their Counsel of Record**
Benjamin Todd Lowe
Law Offices of Spencer H. Calahan
827 St. Louis Street
Baton Rouge, LA 70801
Telephone: (225) 387-2323
ben@calahanlaw.com

Defendants, Auto-Owners Insurance Company, TLK Transportation LLC and Daniel Taylor, by their attorneys, propound the following Interrogatories to Plaintiffs, Jeffrey Hill and Derrick Stampley to be answered fully, separately, in writing and under oath and within the delay allowed by law, according to the Federal Rules of Civil Procedure.  You are hereby requested to answer the following Interrogatories and return them to the law offices of Adams and Reese LLP, 450 Laurel Street, Suite 1900, Baton Rouge, Louisiana 70801.

**EXHIBIT A**

## DEFINITIONS AND INSTRUCTIONS

1. As used herein the terms "you," "your," or "yourself" refers to Plaintiffs, Jeffrey Hill and Derrick Stampley, individually and collectively including without limitation, all present and/or former agents, representative, and attorneys and each person acting or purporting to act on their behalf.

2. As used herein the term "representative" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the entity or individuals in question.

3. As used herein the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein and shall include but not be limited to a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau or department.

4. As used herein the term "Petition" refers to the "Petition for Damages" which was filed on April 15, 2019, in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana and later removed to the United States District Court for the Middle District of Louisiana.

5. The term "documents" or "writings" is all-inclusive, referring to the originals as well as copies of all written, printed, typed, recorded, graphic, photographic, and sound reproduction matter, however produced or reproduced. Those terms include, without limitation, correspondence, memoranda, interoffice communications, facsimile communications, electronic mail, minutes, reports, notes, schedules, calendars, affidavits, statements, notepads, notebooks, analyses, diagrams, drawings, pictures, tables, graphs, charts, maps, surveys, books of accounts, ledgers, invoices, receipts, purchase orders, pleadings, questionnaires, contracts, agreements, bills, checks, drafts, diaries, logs, proposals, studies, records, telegrams, films, manuals, guidelines checklists, and all other documents, tangible or retrievable, of any kind. The term "documents" or "writings" also includes any preliminary notes and drafts of all of the foregoing in whatever form; for example, printed, typed, longhand, shorthand, on paper, paper tape, tabulating cards, ribbon, blueprints, magnetic tape, computer tape or disk, microfilm, microfiche, tape recording or other form.

6. If documents cannot be located, state the efforts made to locate the documents and the specific reasons, if known, for their unavailability. If documents exist but are not available to you, state where the documents are located, including the identity of the custodian to the best of your knowledge.

7. If any information requested herein is claimed to be privileged or otherwise protected from discovery, Plaintiffs are requested to identify in writing with particularity the basis for such claim and in the case of any document not produced to identify in writing:

2

a.  its author;
b.  the date of its creation;
c.  the names, positions, and capacities of all persons to whom it was addressed or by whom it has been seen or with whom it has been discussed;
d.  its general nature and subject matter;
e.  its present location and custodian; and
f.  the basis upon which it is claimed to be privileged or otherwise protected from discovery.

8.  "Relate" or "relating" or "reflect" or "reflecting" shall mean referring, discussing, reflecting, dealing with, analyzing, evaluating, estimating, constituting, describing, evidencing or pertaining to in any way, whether directly or indirectly, whether in whole or in part or legally, factually or logically connected with the matter described.

9.  "Identify," when used in reference to an individual person, means to state the person's full name, present or last known residence address, present occupation and present or last known business address.

10. "Identify" or "Describe," when used in reference to a corporation means to state its full name, its principal place of business and place of incorporation.

11. "Identify" or "Describe," when used in reference to a person other than an individual or a corporation (specifically including any governmental agencies or departments) means to state its official name and address.

12. "Identify" or "Describe," when used in reference to a document, means to state its date, author, addressee, its present location, the name and address of its custodian and the substance of the contents thereof. In lieu of identifying any document, copies thereof may be attached to your answer.

13. "Identify" or "Describe," when used in reference to any action, occurrence, occasion, meeting, transaction or conduct ("act"), means to set forth the event or events consisting of each act, its location, the date and persons participating, present or involved, and the documents relating or referring in any way thereto.

14. "Identify" or "Describe," when used in reference to an oral communication or conversation means to state the date of the conversation; the place where it occurred; the names and addresses of the persons involved in the conversation and their business or governmental affiliation; and the name and address of any other person who, although not present nor involved, possesses information concerning the existence or nature of such communications.

15. Each request is addressed to the personal knowledge of the Plaintiffs, their attorneys, investigators, agents, employees and experts, or other representatives, as well as to all information available to you or them.

16. Where facts set forth in the answers or portions thereof are supplied upon information and belief rather than your direct personal knowledge, you should so state and specifically identify and describe each source of such information and belief. Should you be unable to answer any interrogatory or any portion thereof by either actual knowledge or upon information and belief, you should so state in detail your efforts to obtain such knowledge or information.

17. The following discovery requests shall be deemed to be continuing and any additional information or documents including without limitation, any conclusions, opinions or contentions which relate in any way to these discovery requests which are different from those set forth in your answers or responses hereto and which you acquire subsequent to the date of responding, up to and including the date of trial, shall be furnished to counsel for Defendant promptly after such information is acquired.

18. The following rules of construction apply to all discovery requests:

   a. All/Each. The terms "all" and "each" shall be construed as all and each.
   b. And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.
   c. Number. The use of the singular form of any word includes the plural and vice versa.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please identify each person other than a person intended to be called as an expert witness at trial, having discoverable information that tends to support a position you allege in your Petition, including any claim for damages. Please describe the information possessed by each such person. Please provide what is known to you at this time and supplement your response to include information thereafter acquired, as required by Fed. R. Civ. Proc. 26(e).

### INTERROGATORY NO. 2:

Please state each your full name, present address, Social Security Number, date of birth, and present marital status. If you have ever been known by any other names, aliases or nicknames, please list each such name, alias or nickname below. Also please state the full names, addresses,

telephone numbers, Social Security numbers, and dates of birth of your present spouse, any former

spouse, and of all your children and/or other dependents.

**INTERROGATORY NO. 3:**

Please identify each exhibit you may use at trial in this matter concerning the allegations

in the Petition. To the extent it is your position that you have yet to determine which exhibits you

intend to use at trial, please identify those exhibits of which you are currently aware and

supplement as additional exhibits become known to you.

**INTERROGATORY NO. 4:**

Please identify each expert witness that you may use at trial in this matter. For each, please

identify:

       a.     the subject matter, in specific detail as to which he or she is expected to testify;
       b.     his or her qualifications to testify on that subject; and
       c.     a summary of all opinions to which he or she will testify.

Please provide what is known to you at this time and supplement your response to include

information thereafter acquired.

**INTERROGATORY NO. 5:**

Please state whether you have been a party to any claim, suit, complaint, action, bankruptcy

proceeding and/or demand for workers' compensation, either before or after the alleged incident.

If so, please state the case/claim name, the parties, the court and if applicable, the case/claim

number, your attorney, how the matter was resolved and, if settled, the settlement amount.

**INTERROGATORY NO. 6:**

Please identify all persons who have provided you with written statements, including

electronic communications or oral statements reduced to a written form that refers or relates in any

way to the allegations in the Petition.

**INTERROGATORY NO. 7:**

Please identify all social media accounts you have – e.g. Facebook, Instagram, Twitter, TikTok and Snapchat and for each such account please provide your user name.

**INTERROGATORY NO. 8:**

Please identify and specify all jobs that you have held in the last ten (10) years, including any current job(s).  For each job listed, please include at the very least:

      a.    the name and address of the employer;
      b.    dates of employment;
      c.    your position/job title;
      d.    your direct supervisor; and
      e.    the manner of separation from employment (i.e. voluntarily quit, terminated, etc.).

**INTERROGATORY NO. 9:**

Please identify:

      a.    The specific nature of the injuries that you attribute to the accident giving rise to this litigation;
      b.    The names and addresses of all medical personnel (including any doctors, psychologists, mental health professionals, chiropractors, social workers or other healthcare providers) and hospitals that have examined or treated you at any time in connection with the injuries that you attribute to the accident giving rise to this litigation; and
      c.    Whether you have been discharged or are still treating with each provider referenced in (b), *supra*.

**INTERROGATORY NO. 10:**

Please identify any and all medical providers by whom you have been examined or treated in the past ten (10) years, and for each such provider, please identify when you were examined or treated and the injuries for which each such provider examined or treated you.

**INTERROGATORY NO. 11:**

In your own words, please describe the accident with the greatest degree of specificity possible.

**INTERROGATORY NO. 12:**

Please indicate whether you have had to miss any time from work due to the accident that gives rise to this lawsuit. If so, please indicate the amount of time missed and any lost wages as a result of the same.

**INTERROGATORY NO. 13:**

Please identify any and all physical limitations that you assert you have experienced due to the accident that gives rise to this lawsuit, e.g., limitations regarding household chores, hobbies, etc.

Respectfully submitted,

**ADAMS AND REESE LLP**

Chris A. D'Amour (#26252)
701 Poydras Street
4500 One Shell Square
New Orleans, LA 70139
Telephone:    (504) 581-3234
Facsimile:    (504) 566-0210
Email: chris.damour@arlaw.com

*AND*


/s/ Justin A. Jack
Kellen J. Mathews (#31860)
Justin A. Jack (#36508)
450 Laurel Street, Suite 1900
Baton Rouge, LA 70801
Telephone:    (225) 336-5200
Facsimile:    (225) 336-5220
Email: kellen.mathews@arlaw.com
Email: justin.jack@arlaw.com

***Counsel for Defendants, Auto-Owners Ins. Co.,
TLK Transportation, L.L.C., and Daniel Taylor***

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via e-mail and/or United States mail, properly addressed, and first-class postage prepaid, this the **8th** day of June 2020.

/s/ Justin A. Jack
Justin A. Jack

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JEFFREY HILL, ET AL.** | * | **CIVIL ACTION NO.   19-499** |
| **VERSUS** | * | **JUDGE: BRIAN A. JACKSON** |
| | * | |
| **AUTO-OWNERS INSURANCE COMPANY, ET AL.** | * | **MAG. JUDGE: SCOTT D. JOHNSON** |
| | * | |
| | * | |

---

## DEFENDANTS', AUTO-OWNERS INSURANCE COMPANY, TLK TRANSPORTATION LLC, AND DANIEL TAYLOR, FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS

---

To:    Plaintiffs, Jeffrey Hill and Derrick Stampley
       **Through their Counsel of Record**
       Benjamin Todd Lowe
       Law Offices of Spencer H. Calahan
       827 St. Louis Street
       Baton Rouge, LA 70801
       Telephone: (225) 387-2323
       ben@calahanlaw.com

Defendants, Auto-Owners Insurance Company, TLK Transportation LLC and Daniel Taylor, by their attorneys, propound the following Requests for Production of Documents to Plaintiffs, Jeffrey Hill and Derrick Stampley, to be answered fully, separately, in writing and under oath and within the delay allowed by law according to the Federal Rules of Civil Procedure.  You are hereby requested to answer the following Requests for Production of Documents and produce responsive documents to the law offices of Adams and Reese LLP, 450 Laurel Street, Suite 1900, Baton Rouge, Louisiana 70801.

## DEFINITIONS

1. As used herein the terms "you," "your," or "yourself" refer to Plaintiffs, Jeffrey Hill and Derrick Stampley, individually and collectively including, without limitation, all present and/or former agents, representatives, and attorneys and each person acting or purporting to act on their behalf.

2. As used herein the term "representative" means any and all agents, employees, servants, officers, directors, attorneys or other persons acting or purporting to act on behalf of the entity or individual in question.

3. As used herein the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments and other units therein, and shall include but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

4. As used herein the term "Petition" refers to the "Petition for Damages" which was filed on April 15, 2019, in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana and later removed to the United States District Court for the Middle District of Louisiana.

5. The term "documents" or "writings" is all-inclusive, referring to the originals as well as copies of all written, printed, typed, recorded, graphic, photographic, and sound reproduction matter, however produced or reproduced. Those terms include, without limitation correspondence, memoranda, interoffice communications, facsimile communications, electronic mail, minutes, reports, notes, schedules, calendars, affidavits, statements, notepads, notebooks, analyses, diagrams, drawings, pictures, tables, graphs, charts, maps, surveys, books of accounts, ledgers, invoices, receipts, purchase orders, pleadings, questionnaires, contracts, agreements, bills, checks, drafts, diaries, logs, proposals, studies, records, telegrams, films, manuals, guidelines, checklists and all other documents, tangible or retrievable of any kind. The term "documents" or "writings" also includes any preliminary notes and/or drafts of all of the foregoing in whatever form; for example, printed, typed, longhand, shorthand, on paper, paper tape, tabulating cards, ribbon, blueprints, magnetic tape, computer tape or disk, microfilm, microfiche, tape recording or other form.

6. If documents cannot be located, state the efforts made to locate the documents and the specific reasons, if known, for their unavailability. If documents exist but are not available to you, state where the documents are located, including the identity of the custodian to the best of your knowledge.

7. If any information requested herein is claimed to be privileged or otherwise protected from discovery, Plaintiffs are requested to identify in writing, with particularity, the basis for such claim and in the case of any document not produced, to identify in writing:

2

    a.    its author;

    b.    the date of its creation;

    c.    the names, positions, and capacities of all persons to whom it was addressed or by whom it has been seen or with whom it has been discussed;

    d.    its general nature and subject matter;

    e.    its present location and custodian; and

    f.    the basis upon which it is claimed to be privileged or otherwise protected from discovery.

8. "Relate" or "relating" or "reflect" or "reflecting" shall mean referring, discussing, reflecting, dealing with, analyzing, evaluating, estimating, constituting, describing, evidencing or pertaining to in any way, whether directly or indirectly, whether in whole or in part or legally factually or logically connected with the matter described.

9. "Identify," when used in reference to an individual person, means to state the person's full name, present or last known residence address, present occupation and present or last known business address.

10. "Identify" or "Describe," when used in reference to a corporation means to state its full name, its principal place of business and place of incorporation.

11. "Identify" or "Describe," when used in reference to a person other than an individual or a corporation (specifically including any governmental agencies or departments), means to state its official name and address.

12. "Identify" or "Describe," when used in reference to a document, means to state its date, author, addressee, its present location, the name and address of its custodian, and the substance of the contents thereof. In lieu of identifying any document, copies thereof may be attached to your answer.

13. "Identify" or "Describe," when used in reference to any action, occurrence, occasion, meeting, transaction or conduct ("act"), means to set forth the event or events consisting of each act, its location, the date and persons participating, present or involved, and the documents relating or referring in any way thereto.

14. "Identify" or "Describe," when used in reference to an oral communication or conversation means to state the date of the conversation; the place where it occurred; the names and addresses of the persons involved in the conversation and their business or governmental affiliation; and the name and address of any other person who, although not present nor involved, possesses information concerning the existence or nature of such communications.

## **INSTRUCTIONS**

1. The production of the documents will take place at the offices of Adams and Reese LLP at 450 Laurel Street, Suite 1900, Baton Rouge, Louisiana 70801.

2. Requests for Production of Documents requesting numerical or chronological information shall be deemed, to the extent that precise figures or dates are not known, to request estimates. In each instance that an estimate is provided, it shall be identified as such, together with the source of the information underlying the estimate and the methodology used to come to such an estimate.

3. In responding to these Requests for Production of Documents, every source of information to which You have access shall be consulted, regardless of whether the source is within Your immediate possession, custody, or control. All documents or other information in the possession, custody, or control of experts, consultants, contractors, subcontractors, representatives, or agents shall be consulted.

4. If any Request for Production of Documents cannot be answered fully and completely, as full and complete an answer as possible should be provided. When an answer or portion of an answer to a Request for Production of Documents is unknown, then the last known information shall be provided. State the reason for Your inability to answer fully and completely, and provide any information, knowledge or belief that You have regarding the Request, or portion thereof, not fully and completely answered.

5. If anything is or has been deleted and/or redacted from a document produced in response to a Request for Production of Documents, provide the following:

   a. the reason for the deletion/redaction;
   b. the date of the deletion/redaction;
   c. the subject matter of the deleted/redacted material; and
   d. the identity of the person responsible for the deletion/redaction.

6. If an objection is made to answering any Request for Production of Documents on the basis of any claim of privilege or exemption, you are requested to specify in writing the nature of such information along with the nature of the privilege or exemption claimed, in sufficient detail to permit the court to rule on the propriety of the privilege or exemption, including:

   a. The nature of the privilege or doctrine You claim is applicable and the reason you invoke it;
   b. The legal and factual basis upon which you claim the privilege or other asserted ground for nondisclosure;
   c. The dates on which the document or communication was prepared, transmitted, and received;
   d. the name, address, and position/job title of each person who was furnished with or privy to the document or communication, who had possession of the document or

4

communication, and/or who had access to the contents of the document or communication;

    e.  the number of pages in the document or communication;

    f.  the nature and subject matter of all information you contend is protected from discovery;

    g.  the number of the discovery request(s) to which the information at issue is or may be responsive.

7.  In answering the accompanying Requests for Production of Documents, identify and describe the person(s) who assisted or participated in supplying any of the information provided in the answer to, or relied upon in preparing the answer to, or relied upon in preparing the answer to, the Request for Production of Documents, specifying the nature of the information supplied and whether or not you expect to call such person(s) as a witness at trial.

8.  These Requests for Production are to be deemed continuing and should you, your attorney, or anyone acting on your behalf, obtain any other information which would add to or change the answers supplied hereto, you are directed to give timely notice of such information and to furnish such information to Defendants through their counsel of record, without delay.

9.  The male gender includes the female, and the singular pronoun includes the plural.

10. Each request is addressed to the personal knowledge of the Plaintiffs, their attorneys, investigators, agents, employees, and experts, or other representatives, as well as to all information available to you or them.

11. Where facts set forth in the answers or portions thereof are supplied upon information and belief, rather than your direct personal knowledge, you should so state, and specifically identify and describe each source of such information and belief.  Should you be unable to answer any interrogatory or any portion thereof by either actual knowledge or upon information and belief, you should so state in detail your efforts to obtain such knowledge or information.

12. The following discovery requests shall be deemed to be continuing, and any additional information or documents including without limitation, any conclusions, opinions, or contentions which relate in any way to these discovery requests, which are different from those set forth in your answers or responses hereto, and which you acquire subsequent to the date of responding, up to and including the date of trial, shall be furnished to counsel for Defendants promptly after such information is acquired.

13. The following rules of construction apply to all discovery requests:

    a.  All/Each. The terms "all" and "each" shall be construed as all and each.

b. And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

c. Number. The use of the singular form of any word includes the plural and vice versa.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Please produce all documents referred to or identified by you in response to Defendants, Auto-Owners Insurance Company, TLK Transportation LLC, and Daniel Taylor's First Set of Interrogatories.

### REQUEST FOR PRODUCTION NO. 2:

Please produce any and all documents you intend to use at the trial of this matter, including but not limited to, exhibits, documents, affidavits, video recordings, photographs, audiotapes, and/or demonstrative evidence of any kind.

### REQUEST FOR PRODUCTION NO. 3:

Please produce all letters, correspondence, documents, memoranda, or reports to or from any experts you intend to call as a witness at trial in this matter.

### REQUEST FOR PRODUCTION NO. 4:

Please provide the *curriculum vitae* of all experts whom you may call as witnesses at a hearing or trial in this matter.

### REQUEST FOR PRODUCTION NO. 5:

Please produce copies of any and all statements taken, whether written, recorded, or electronic from anyone regarding any of the events, happenings, facts, allegations, or damages in your Petition.

**REQUEST FOR PRODUCTION NO. 6:**

Please provide copies of any and all photographs, videotapes, and other recordings relative to the subject incident, including any videos or pictures which were taken on a wireless cellular phone, a smartphone, or a digital camera. To the extent that you have these materials in digital format, we ask that you provide them in that manner.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce any and all notes, logs, memoranda, or diaries maintained in connection with any of your activities that concern or are in any way related to any of the claims asserted in the Petition.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce any and all accident reports, injury reports, investigative reports, or other similar reports related to the alleged accident that is the subject of your Petition.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce any documents relating in any way to any criminal convictions you have had or guilty pleas you have entered, and any resulting sentence, incarceration, probation or parole, with respect to: (1) any crime punishable by death or imprisonment in excess of one year according to the law under which you were convicted or pled guilty; and/or (2) any crime involving dishonesty or false statement, regardless of the punishment.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce any and all documentation of any type, including but not limited to correspondence, applications, medical reports, check stubs, photocopies of checks and/or transcripts of proceedings relative to any claim that you have made since the alleged accident for unemployment compensation benefits, Social Security benefits, disability insurance

benefits, Veterans' Administration benefits, Worker's Compensation benefits, maintenance and cure benefits, health insurance benefits, welfare benefits, or other similar benefits not specifically named herein, whether the claim was successful or not.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce any and all documents upon which you intend to rely to prove your claim for "physical and mental pain, and suffering and anguish", "physical disability and/or impairment of functions and activities", "loss of enjoyment of life", and "loss of income and/or loss of earning capacity" as set forth in Paragraph 6 of your Petition.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce any and all documentary evidence, photographs, videotapes, or other tangible items that you know of which are relevant to or may lead to the discovery of admissible evidence regarding your allegation that the subject "crash was caused solely by the fault and negligence of Defendant, Daniel Taylor." Pltffs. Pet. ¶4.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce any and all documentary evidence, photographs, videotapes, or other tangible items that you know of which are relevant to or may lead to the discovery of admissible evidence regarding your allegation that Daniel Taylor failed "to comply with governmental and/or industry safety codes, standards, and regulations regarding the maintenance and operation of the vehicle involved in the subject crash[.]" Pltffs. Pet. ¶4(c).

**REQUEST FOR PRODUCTION NO. 14:**

Any and all medical reports, doctors' reports, psychologists' or psychiatrists' reports, hospital records, medical records, diagnostic tests, chiropractor's records, records of allied health professionals, and any and all other medical information concerning or in any way

related to you for the last ten (10) years before the alleged accident that is the subject of your Petition, and for the period since the accident to the present.

**REQUEST FOR PRODUCTION NO. 15:**

Copies of all federal and state income tax returns, including W-2 forms, filed by you and copies of your complete income tax records for the last ten (10) years.

**REQUEST FOR PRODUCTION NO. 16:**

Ten (10) fully executed Authorization to Release Health Information forms – a blank form is attached.  This Request is not limited to your health information since the date of the accident.

**REQUEST FOR PRODUCTION NO. 17:**

Two (2) fully executed Internal Revenue Service Authorization forms – a blank form is attached.

**REQUEST FOR PRODUCTION NO. 18:**

One (1) fully executed Request for Social Security Earnings Information form – a blank form is attached.

**REQUEST FOR PRODUCTION NO. 19:**

One (1) fully executed Verification of Responses.

Respectfully submitted,

**ADAMS AND REESE LLP**

Chris A. D'Amour (#26252)
701 Poydras Street
4500 One Shell Square
New Orleans, LA 70139
Telephone:     (504) 581-3234
Facsimile:     (504) 566-0210
Email: chris.damour@arlaw.com

*AND*

/s/ Justin A. Jack
Kellen J. Mathews (#31860)
Justin A. Jack (#36508)
450 Laurel Street, Suite 1900
Baton Rouge, LA 70801
Telephone:    (225) 336-5200
Facsimile:    (225) 336-5220
Email:  kellen.mathews@arlaw.com
Email:  justin.jack@arlaw.com

**_Counsel for Defendants, Auto-Owners Ins. Co.,_**
**_TLK Transportation, L.L.C., and Daniel Taylor_**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via e-mail and/or United States mail, properly addressed, and first-class postage prepaid, this the **8th** day of June, 2020.

/s/ Justin A. Jack
Justin A. Jack