UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JEFFREY HILL, et al.**              **CIVIL ACTION**

**VERSUS**                            **NO. 19-499-BAJ-SDJ**

**AUTO-OWNERS INSURANCE COMPANY, et al.**

### ORDER

Before the Court are the Motion to Compel Discovery Responses and Motion for Leave to Take Depositions Outside of Discovery Period ("Motion to Compel") (R. Doc. 11), filed on October 7, 2020, and Motion to Expedite same (R. Doc. 12), filed on October 12, 2020, both by Defendants Auto-Owners Insurance Company, TLK Transportation, LLC, and Daniel Taylor (collectively, "Defendants"). In their Motion to Compel, Defendants seek an order compelling Plaintiffs to provide responses to Defendants' pending discovery requests. Defendants also seek leave to conduct the depositions and Independent Medical Examinations ("IMEs") of Plaintiffs after the October 13, 2020 fact discovery deadline, as well as an award of their reasonable expenses, including attorney's fees, associated with filing the instant Motion to Compel pursuant to Rule 37 of the Federal Rules of Civil Procedure. Plaintiffs oppose Defendants' Motion to Compel (R. Doc. 14).

**I.  BACKGROUND**

According to Defendants, they served Interrogatories and Requests for Production of Documents on Plaintiffs on June 8, 2020.[1] Following the expiration of Plaintiffs' statutory deadline to respond to said discovery requests, counsel for Defendants, instead of filing a motion

---

[1] R. Doc. 11 at 1.

to compel, filed a consent motion to extend the fact discovery deadline, which was granted, giving the parties until October 13, 2020 to resolve their discovery issues.[2] During a phone conversation after the extension had been granted, Plaintiff's counsel "assured Defendants' counsel that Plaintiff would respond to the Discovery Requests by the end of August, at the latest."[3] Those responses, however, were not produced.[4] Similarly, Plaintiffs' counsel did not provide prospective dates on which Defendants could conduct the depositions or IMEs of Plaintiffs, which had yet to take place.[5]

On September 22, 2020, prior to filing this Motion to Compel, counsel for Defendants sent an email to Plaintiffs' counsel asking that discovery responses be sent by September 25, 2020, and for tentative dates for scheduling Plaintiffs' depositions prior to the October 13, 2020 fact discovery deadline.[6] Defendants' counsel received no response.[7] Counsel sent a second email to Plaintiffs' counsel on September 29, 2020, saying they may need to file a discovery motion given the impending fact discovery deadline.[8] Again, receiving no response, Defendants filed the instant Motion to Compel.[9]

Plaintiffs filed an opposition to Defendants' Motion to Compel, claiming that Defendants' Motion to Compel was "premature and procedurally defective" because Defendants failed to adequately confer with Plaintiffs regarding the outstanding discovery prior to filing the Motion to Compel.[10] Specifically, Plaintiffs' counsel claims he never received the emails sent by defense

---

[2] R. Doc. 11-2 at 2-3.
[3] *Id.* at 3.
[4] *Id.*
[5] *Id.*
[6] *Id.*; R. Doc. 11-5.
[7] R. Doc. 11-2 at 3.
[8] *Id.*; R. Doc. 11-6.
[9] R. Doc. 11-2 at 3.
[10] R. Doc. 14 at 1, 2.

counsel on September 22 and 29, 2020.[11]  A teleconference with the Parties subsequently was held before this Court on October 28, 2020, during which Defendants' pending motions and the status of discovery were discussed.[12]

## II.    ANALYSIS

### A.  Motion to Compel

Given Plaintiffs' failure to respond to Defendants' discovery requests and to schedule the depositions and IMEs of Plaintiffs, the parties that instigated this litigation, this Court hereby compels Plaintiffs to respond to Defendants' discovery requests.  In addition, this Court will allow the depositions and IMEs of Plaintiffs to be conducted after the fact discovery deadline; however, those must take place on or before November 30, 2020.

### B.  Request for Reimbursement of Expenses

"Rule 37(a)(5)(A) provides that the payment of expenses by the non-moving party is required if the motion to compel is granted or if the discovery is provided after the filing of the motion." *Sabree v. Whelan Sec. Co.*, No. 17-1100, 2019 WL 511837, at *2 n.1 (M.D. La. Feb. 8, 2019).  However, a court "must not order this payment" if the party seeking expenses "filed the motion before attempting in good faith to obtain the disclosure or discovery without court action" or if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i), (iii).  Here, the Court recognizes that counsel for Defendants sent two emails to Plaintiffs' counsel discussing the Parties' outstanding discovery issues and attempting to resolve same.  However, no phone call was ever placed to Plaintiffs' counsel, or other means of communicated attempted, before Defendants filed the instant Motion.  While the Court does not find that Defendants failed to engage in a good faith attempt to resolve these discovery issues prior to filing their Motion to

---

[11] *Id.* at 2.
[12] R. Doc. 16.

Compel, as explained during the October 28, 2020 teleconference, Defendants' attempts were not so robust as to warrant an award of expenses in this matter.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendants' Motion to Compel Discovery Responses and Motion for Leave to Take Depositions Outside of Discovery Period (R. Doc. 11) is **GRANTED**. Plaintiffs must submit substantive responses to Defendants' discovery requests by **November 16, 2020**.

**IT IS FURTHER ORDERED** that Defendants are hereby granted leave to conduct the depositions and Independent Medical Examinations of Plaintiffs after the October 13, 2020 fact discovery deadline. The deadline for completing these is **November 30, 2020**.

**IT IS FURTHER ORDERED** that Defendants' request for reasonable expenses associated with filing the instant Motion to Compel pursuant to Federal Rule of Civil Procedure 37 is **DENIED**.

**IT IS FURTHER ORDERED** that in light of this Order, Defendants' Motion to Expedite Motion to Compel Discovery Responses and Motion for Leave to Take Depositions Outside of Discovery Period (R. Doc. 12) is **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on November 16, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**