UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEFFREY HILL, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | |
| **AUTO-OWNERS INSURANCE COMPANY, ET AL.** | **NO. 19-00499-BAJ-SDJ** |

### RULING AND ORDER

Before the Court is Plaintiffs' **Motion To Convert Bench Trial To Jury Trial** (Doc. 29), requesting that the current bench trial setting of June 14-18, 2021 be converted to a jury trial. Defendants oppose Plaintiffs' Motion. (Doc. 33). Plaintiffs' Motion will be denied.

I. BACKGROUND

This action arises from an April 27, 2018 motor vehicle collision on U.S. Interstate 10 in Livingston Parish, Louisiana. (Doc. 23 at 2).

On April 15, 2019, Plaintiffs filed their original Petition in the Nineteenth Judicial District Court for the Parish of East Baton Rouge. (Doc. 1-1 at 2-5). Notably, Plaintiffs' state court Petition did *not* demand a jury trial. (*See id.*).

On July 1, 2019, Defendants filed their joint Answer. (Doc. 1-1 at 18-23). Defendants' Answer properly demanded a jury trial, consistent with the requirements of La. C.C. art 1733. (*Id.* at 23).

On July 31, 2019, Defendants removed Plaintiffs' action to this Court. (Doc. 1). Despite having requested a jury trial in their July 1 Answer, Defendants' notice of

removal omitted the request. (*See id.*). Additionally, on the Civil Cover Sheet accompanying Defendants' Notice of Removal, Defendants correctly noted that Plaintiffs did not demand a jury trial in the original Petition. (*See* Doc. 1-3).

On September 12, 2019, the parties filed their initial Joint Status Report. (Doc. 3). This Joint Status Report reflected that *no demand* for a jury trial had been made. (*Id.* at 7). Consequently, on September 16, 2019, the Magistrate Judge entered a Scheduling Order, which, in relevant part, set this action for a 5-day bench trial beginning June 14, 2021. (Doc. 4 at 2).

Following entry of the Scheduling Order, for more than a year-and-a-half, Plaintiffs made no effort to seek a jury trial. Quite the opposite, in fact: Plaintiffs drafted and submitted multiple proposed Joint Pre-Trial Orders affirming that this matter is set for a bench trial, (Docs. 18, 23), and, on April 15, 2021, participated in a pre-trial conference at which the logistics of the bench trial were specifically discussed. (*See* Doc. 28).

Now, for the first time in two years of litigation, Plaintiffs seek to change course. On May 12, 2021, Plaintiffs filed the instant Motion, seeking to convert the current trial setting from a bench trial to a jury trial. (Doc. 29). Plaintiffs justify their request by citing their own "inadvertent oversight," and "the large damages involved," stating that "a trial by a jury would further the interests of justice by ensuring that Defendants' and Plaintiffs' constitutional rights to due process and a trial by a jury of their peers are protected." (*Id.* at ¶¶ 8-9).

Defendants' oppose Plaintiffs' request. (Doc. 33). Defendants explain that

although they originally requested a jury trial, this matter has been set as a bench trial for its entire history in this Court, and they are prepared to proceed with a bench trial. Defendants assert that, in light of Plaintiffs' delay, "it is virtually impossible to view Plaintiffs' request as anything other than a *de facto* request for a continuance with no showing of good cause for the same." (Doc. 33 at 2).

## II. STANDARD

The right of jury trial requires a timely written demand. Fed. R. Civ. P. 38(b); *see Scottsdale Ins. Co. v. Com. Tire of Louisiana, Inc.*, No. 15-cv-00392, 2016 WL 1445879, at *2 (M.D. La. Mar. 22, 2016). "A party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent." Fed. R. Civ. P. 38(d).

A party's waiver of the right of jury trial can be excused in the Court's discretion, Fed. R. Civ. P. 39(b), "but mere inadvertence in failing to serve a timely demand does not warrant the exercise of this discretion." *Auwood v. Harry Brandt Booking Off., Inc.*, 100 F.R.D. 804, 805 (D. Conn. 1984) (citing *Noonan v. Cunard Steamship Co.,* 375 F.2d 69, 70 (2d Cir. 1967)).

## III. DISCUSSION

Plaintiffs' Motion will be denied. Certainly, Defendants properly demanded a jury trial in their original state court Answer. After Defendants removed Plaintiffs' action to this Court, however, the Parties submitted their Joint Status Report stating that *no demand* for a jury trial had been made. (Doc. 3 at 8). In word and effect, the parties' Joint Status Report withdrew Defendants' demand, consented to a bench trial, and thereby waived the right of jury trial in this Court. *See* Fed. R. Civ. P. 38(d).

Further, the Court will not exercise its discretion to excuse Plaintiffs' waiver. First, the Court cannot credit Plaintiffs' claim that their failure to demand a jury trial at an earlier date was due to "inadvertent oversight," in light of Plaintiffs' repeated affirmations that this matter will proceed as a bench trial. In any event, Plaintiffs' "mere inadvertence in failing to serve a timely demand does not warrant the exercise of [the Court's] discretion" to excuse Plaintiffs' waiver. *Auwood*, 100 F.R.D. at 805.

Second, the Court is quite capable of deciding ultimate issues of fact, including "the large damages involved."

Finally, to change course at this late date would necessarily mean rescheduling trial, particularly in light of limitations imposed by the Court's implementation of COVID-19 social-distancing protocols and other safety measures, which remain in effect.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that is Plaintiffs' Motion To Convert Bench Trial To Jury Trial (Doc. 29) be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 21st day of May, 2021

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**